ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
CAREY G. BEEN (SBN 240996)
cbeen@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California  94103
Telephone:     (415) 543-1305
Facsimile:      (415) 543-7861

SCOTT A. MILLER (SBN 230322)
scott.miller@smillerlawoffices.com
**LAW OFFICES OF SCOTT A.
    MILLER, A.P.C.**
16133 Ventura Blvd., Suite 645
Encino, CA  91436
Telelphone:   (818) 788-8081
Facsimile:       (818) 788-8080

STEVEN L. MILLER (SBN 106023)
stevenlmiller@gmail.com
**STEVEN L. MILLER,
    A PROFESSIONAL LAW CORP.**
16133 Ventura Blvd., Suite 645
Encino, CA  91436
Telephone:     (818) 986-8900
Facsimile:       (818) 990-7900

ATTORNEYS FOR PLAINTIFF
Dwight Whitaker, on behalf of himself
and all others similarly situated

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT WHITAKER, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH NET OF CALIFORNIA, INC.; HEALTH NET, INC.; and INTERNATIONAL BUSINESS MACHINES CORPORATION<br><br>Defendants. | Case No.<br><br><u>CLASS ACTION</u><br><br>**COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

# CLASS ACTION COMPLAINT

Plaintiff Dwight Whitaker, on behalf of himself and a class of similarly situated individuals as defined herein, alleges on information and belief and the investigation of his counsel as follows:

## PARTIES

1. Plaintiff Dwight Whitaker ("Plaintiff" or "Whitaker") is, and at all times relevant to this complaint was, a resident of Oceanside, California.

2. Defendant Health Net, Inc. is a Delaware Corporation headquartered in Woodland Hills, California. Health Net, Inc. is registered to do business in the state of California and does business throughout the state of California and nationwide.

3. Defendant Health Net of California, Inc. is a California corporation with its principal place of business in Woodland Hills, California. Health Net of California, Inc. does business throughout the state of California. Health Net, Inc. and Health Net of California, Inc. are collectively referred to herein as "Health Net."

4. Defendant International Business Machines Corporation ("IBM") is a New York Corporation with its principal place of business in Armonk, New York. IBM is registered to do business in the state of California and does business throughout the state of California and nationwide.

5. Unless otherwise specified, Health Net and IBM shall be collectively referred to herein as "Defendants."

6. At all times relevant to this complaint, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their agency and employment with and for Defendants.

7. Plaintiff is informed and believes that at all times relevant to this Complaint, each of the Defendants was the principal agent, servant, representative, successor, successor-in-interest, and employee of the co-Defendants, and in engaging in the acts or omissions alleged in this Complaint, each Defendant was acting within the course and scope of said agency and employment and with the ratification of its respective principals.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** - 1 -

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332, as the dollar amount in controversy exceeds $5,000,000 and Plaintiff and the putative class members are citizens of a state different from defendant IBM.

9. Venue is proper in the Eastern District of California under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in the Eastern District of California. Specifically, the events or omissions alleged herein occurred in Rancho Cordova, California, a town within the Eastern District of California and the location of Health Net and IBM's data center where the data breach forming the basis of Plaintiff's and class members' claims occurred.

## FACTUAL ALLEGATIONS

10. Health Net is among the nation's largest publicly traded managed health care organizations. It provides health care insurance benefits to more than six million people throughout the United States through individual, group, Medicare, Medicaid, and Veterans Affairs insurance programs.

11. In Health Net's regular course of business, Health Net collects personal information from its subscribers, including but not limited to subscriber names, addresses, phone numbers, social security numbers, medical information, and financial information.

12. On August 19, 2008, Health Net entered into a five year agreement with IBM, a provider of information technology ("IT") services, under which IBM agreed to manage Health Net's entire information technology infrastructure. Pursuant to the agreement, IBM agreed to provide, and has provided, Health Net with full IT infrastructure management services including, among other things, data center services and IT security management.

13. On January 21, 2011, IBM notified Health Net of an information security breach at Health Net's data center in Rancho Cordova, California. Specifically, IBM notified Health Net

1  that it could not locate several hard disk drives from Health Net's corporate servers that IBM had been handling on Health Net's behalf.

14. The missing hard disks contained personal information associated with 1.9 million current and former Health Net subscribers, including the personal information of approximately 845,000 California residents. The personal information contained on the missing hard disks includes subscriber names, addresses, health information, social security numbers, and financial information.

15. On March 14, 2011, nearly two full months after IBM informed Health Net of the security breach, Health Net finally issued a press release publicly announcing the breach's occurrence. On that date Health Net also began mailing out letters to the individuals affected by the breach informing them that their personal information had been compromised. The letters further stated that affected individuals would be eligible for two years of identity protection services through Health Net's chosen identity protection vendor, Debix. The letters do not, however, contain any offer of monetary relief.

16. The data breach reported by IBM to Health Net on January 21, 2011 is not the first breach Health Net has allowed of its customers' confidential medical and personal information. In May 2009, Health Net allowed a strikingly similar data breach to occur when a portable hard drive containing the names, addresses, social security numbers, and medical information of 1.5 million of its United States customers went missing from the desk of one of its employees.

**Plaintiff's Experience**

17. Plaintiff was a Health Net subscriber through his employer's group health insurance plan for approximately six years until his employer changed health insurance providers in September 2010. While a Health Net subscriber, approximately $35 was withdrawn from Plaintiff's paychecks on a monthly basis to cover his portion of the premium associated with his Health Net insurance.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                                                                         - 3 -

18. On March 14, 2011, Health Net mailed Plaintiff a letter informing him that information pertaining to and derived from his relationship with Health Net, including his name, address, health information, social security number, and financial information, was located on hard disk drives that have been missing from Health Net's data center since at least January 21, 2011. The letter further states that IBM was handling the hard disk drives on Health Net's behalf at the time the disk drives were discovered to be missing.

19. Prior to receiving the March 14, 2011 letter from Health Net, Plaintiff was not aware, and had no way of discovering, that his confidential medical information and other pieces of personal information had gone missing from Health Net's data center on or before January 21, 2011.

20. Upon receiving the March 14, 2011 letter from Health Net, Plaintiff was not satisfied with Health Net's offer to provide two years of identity protection services though its selected vendor, Debix. Plaintiff felt that two years of identity protection was far from adequate to redress the harm and injury that he and other affected individuals have and may suffer from Health Net and IBM's grossly negligent loss of affected individuals' personal and medical information. Likewise, Plaintiff is highly distrustful of relying solely on an identity protection service selected by Health Net after Health Net and IBM carelessly lost his and others' personal and medical information.

21. Plaintiff is in the process of shopping for a credit monitoring service separate from the one offered by Health Net. Plaintiff believes that such credit monitoring will be necessary for at least the next seven to ten years, far longer than the two years offered by Health Net through Debix.

22. As a result of Health Net's and IBM's unauthorized disclosure of his personal and medical information, Plaintiff has suffered injury and will likely suffer further loss of money and property.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure on behalf of himself and the following class (the "Class"):

> All current and past Health Net subscribers in California whose confidential personal or medical information was contained on the hard drives that Health Net announced on March 14, 2011 were missing.[1]

24. **Numerosity**: The Class consists of hundreds of thousands of individuals, making joinder of individual cases impracticable, in satisfaction of Rule 23(a)(1). The exact size of the Class and the identities of the individual members thereof have already been ascertained by Defendants and are ascertainable through Defendants' records.

25. **Typicality**: The claims of Plaintiff are typical of the claims of all of the other members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to the Plaintiff and to all of the other Class members.

26. **Common Questions of Law and Fact**: There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual Class members within the meaning of Rules 23(a)(2) and 23(b)(3).

27. Common questions of fact and law affecting members of the Class include, but are not limited to, the following:

> a. Whether Defendants failed to implement and maintain reasonable security procedures and practices to protect Plaintiff's and Class members' personal and medical information;

---

[1] Specifically excluded from the class are the court and its staff, Defendants, and Defendants officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries, and/or assigns.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** - 5 -

      b.    Whether Health Net required IBM, by contract, to implement and maintain reasonable security practices to protect Plaintiff's and Class members' personal and medical information from unauthorized access, destruction, use, modification, or disclosure;

      c.    Whether Defendants negligently and unlawfully disclosed Plaintiff's and Class members' personal and medical information to unauthorized persons in violation of California Civil Code § 56.10;

      d.    Whether Defendants negligently created, maintained, preserved, stored, abandoned, destroyed, or disposed of Plaintiff's and Class members' personal and medical information in violation of California Civil Code § 56.101;

      e.    Whether Plaintiff and Class members are entitled to statutory damages;

      f.    Whether Plaintiff and Class members are entitled to restitution;

      g.    Whether Plaintiff and Class members are entitled to equitable and/or injunctive relief.

28.    **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other Class members, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other Class members.

29.    **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual litigation of the claims of each class member is impracticable. Even if every individual Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the Court in which the individual litigation of the numerous cases would proceed. Individualized litigation would also

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** - 6 -

present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member. Plaintiff anticipates no difficulty in the management of this case as a class action.

30. The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impeded the ability of such non-party Class members to protect their interests.

31. The prosecution of individual actions by class members would establish inconsistent standards of conduct for Defendants.

32. Defendants have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relieve or corresponding declaratory relief with regard to members of the Class as a while as requested herein. Likewise, Defendants' conduct as described above is unlawful, continuing and capable of repetition and will continue unless restrained and enjoined by the Court.

## FIRST CAUSE OF ACTION

**Violation of the of Cal. Civ. Code § 56.10 against All Defendants**

**(Confidentiality of Medical Information Act)**

33. Plaintiff incorporates by reference each allegation set forth above as if fully set forth herein and further alleges as follows.

34. Health Net is a health care service plan subject to the requirements and mandates of the California Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56, *et seq*. ("CMIA").

35. IBM is an entity that provides medical data processing and/or other administrative services to a health care service plan, Health Net, within the meaning of California Civil Code

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                  - 7 -

§ 56.10(c)(3). Under § 56.10(c)(3), such providers of medical data processing and/or administrative services are subject to the requirements and mandates of the CMIA.

36. Health Net requested and came into possession of Plaintiff's and Class members' personal and medical information and had a duty to exercise reasonable care in preserving the confidentiality of this information.

37. IBM was entrusted with Plaintiff's and Class members' personal and medical information as a provider of medical data processing and/or other administrative services to Health Net and therefore also owed a duty of reasonable care to Plaintiff and Class members to preserve the confidentiality of their personal and medical information.

38. Under California Civil Code § 56.10, Health Net and IBM were required to obtain Plaintiff's and Class members' authorization prior to disclosing their personal or medical information.

39. On or around January 21, 2011, Health Net and IBM negligently and unlawfully disclosed Plaintiff's and Class members' personal and medical information, without first obtaining Plaintiff's and Class members' authorization when several hard disk drives from Health Net's servers in Rancho Cordova, California were released from Health Net's and IBM's possession and into the possession of an unauthorized person or persons.

40. As a direct and proximate result of Health Net's and IBM's violation of California Civil Code § 56.10, Plaintiff and Class members have been injured within the meaning of the CMIA and are entitled to damages of $1,000 each pursuant to California Civil Code § 56.36(b)(1).

## SECOND CAUSE OF ACTION

**Violation of Cal. Civ. Code § 56.101 against All Defendants**

**(Confidentiality of Medical Information Act)**

41. Plaintiff incorporates by reference each allegation set forth above as if fully set forth herein and further alleges as follows.

42. Health Net is a health care service plan subject to the requirements and mandates of the California Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56, *et seq*. ("CMIA").

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                                      - 8 -

43. IBM is an entity that provides medical data processing and/or other administrative services to a health care service plan, Health Net, within the meaning of California Civil Code § 56.10(c)(3). Under § 56.10(c)(3), such providers of medical data processing and/or administrative services are subject to the requirements and mandates of the CMIA.

44. Health Net, and IBM on its behalf, was required to create, maintain, preserve, store, abandon, destroy, or dispose of Plaintiff's and Class members' medical records in a manner that preserved the confidentiality of Plaintiff's and Class members' personal and medical information.

45. As alleged herein, Health Net, and IBM on Health Net's behalf, unlawfully failed to maintain and preserve the confidentiality of Plaintiff's and Class members' personal and medical information contained in their medical records, and negligently created, maintained, persevered, stored, abandoned, destroyed, or disposed of Plaintiff's and Class members' medical records.

46. As a direct and proximate result of Health Net's and IBM's violation of California Civil Code § 56.101, Plaintiff and Class members have been injured within the meaning of the CMIA and are entitled to damages of $1,000 each pursuant to California Civil Code § 56.36(b)(1).

### THIRD CAUSE OF ACTION

**Violation of the Bus. & Prof. Code §§ 17200, *et seq*. against All Defendants**

**(Unfair Competition Law)**

47. Plaintiff incorporates by reference each allegation set forth above as if fully set forth herein and further alleges as follows.

48. California Business & Professions Code §§ 17200, *et seq*. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

49. Defendants have engaged in unfair and unlawful acts as defined by California Business & Professions Code §§ 17200, *et seq.* Defendants' unfair and unlawful practices include:

   a. the negligent and unauthorized disclosure of Plaintiff's and Class members' personal and medical information to unauthorized persons in violation of California Civil Code § 56.10; and

   b. negligently creating, maintaining, preserving, storing, abandoning, destroying, or disposing of Plaintiff's and Class members' personal and

        medical information in violation of California Civil Code § 56.101;

    c.    failing to implement and maintain reasonable security procedures and practices to protect Plaintiff's and class members' personal and medical information in violation of California Civil Code § 1798.81.5.

50. The violations of those laws and the acts and practices described in this Complaint constitute unlawful, unfair and fraudulent business practices, and unfair competition, within the meaning of California Business & Professions Code §§ 17200, *et seq*.

51. As a result of Defendants unlawful and unfair business practices, Plaintiff and a sub-class of Class members have paid money out-of-pocket in an effort to preserve the confidentiality of their personal and confidential medical and financial information that was placed at risk by Defendants' acts as described herein. Plaintiff and the sub-class of Class members are entitled to restitution and restoration of all sums spent on such security measures.

52. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of the proposed sub-class as well as on behalf of himself and the general public.

53. Injunctive relief is necessary and appropriate to prevent Defendants from repeating or continuing their wrongful business practices alleged herein.

54. There is a financial burden associated with pursuing this action and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action. Therefore, an award of attorneys' fees under California Code of Civil Procedure § 1021.5 is appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Class, prays for the following relief:

    a.    An order certifying the class and appointing Plaintiff as the representative of the Class, and appointing counsel for Plaintiff as lead counsel for the Class;

    b.    An order declaring that the actions of Defendants, as set out above, are in violation of California Civil Code § 56.10;

c An order declaring that the actions of Defendants, as set out above, are in violation of California Civil Code § 56.101;

d. An order declaring that the actions of Defendants, as set out above, are in violation of California Civil Code § 1798.81.5;

e. A judgment for and award of statutory damages to Plaintiff and the members of the class pursuant to California Civil Code § 56.36(b)(1);

f. A permanent injunction enjoining Defendants from engaging in conduct in violation of California Civil Code §§ 56.10, 56.101 and 1798.81.5;

g. An award of restitution pursuant to Business and Professions Code §§ 17200, *et seq.*;

h. Payment of costs of suit herein incurred pursuant to, *inter alia,* California Civil Code § 56.35;

i. Payment of attorneys' fees pursuant to, *inter alia,* California Civil Code § 56.35 and/or California Code of Civil Procedure § 1021.5;

j. An award of pre- and post-judgment interest; and

k. For such other or further relief as the Court may deem proper.

Respectfully submitted,

Dated: April 4, 2011　　　　　　　　　　　　　**KELLER GROVER LLP**

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Carey G. Been
　　　　　　　　　　　　　　　　　　　　Carey G. Been
　　　　　　　　　　　　　　　　　　　　Attorneys for DWIGHT WHITAKER, individually and on behalf of a class of similarly situated individuals

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**　　　　　　　- 11 -

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated:  April 4, 2011                         **KELLER GROVER LLP**


　　　　　　　　　　　　　　　　　　　／s／ Carey G. Been
Carey G. Been
Attorneys for DWIGHT WHITAKER,
individually and on behalf of a class of
similarly situated individuals