C. Brooks Cutter (SBN 121407)
bcutter@kcrlegal.com
KERSHAW CUTTER & RATINOFF LLP
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

Attorneys for Plaintiff Pornpetch Assavarungnirun

Eric H. Gibbs (SBN 178658)
ehg@girardgibbs.com
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Attorneys for Plaintiffs Donald Johnston, et al.
Attorneys for Plaintiff Catherine Eandi

Michael F. Ram, (SBN 104805)
mram@rocklawcal.com
RAM, OLSON, CEREGHINO &
KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

Attorneys for Plaintiff Rachel Avila
Attorneys for Plaintiff Cecil Orenzo Bowman

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DWIGHT WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTH NET OF CALIFORNIA, INC., et al.,<br><br>    Defendants.<br>_____<br>AND RELATED CASES.<br>_____ | Case No. 11-cv-00910 KJM DAD<br><br>**ORDER RE: LATER FILED CASES, ORGANIZATION OF PLAINTIFFS' COUNSEL, AND SERVICE OF DOCUMENTS** |

## I. LATER-FILED CASES

On June 15, 2011, the Court entered an Order To Reassign Cases Pursuant To Local Rule 123 And Consolidate All Reassigned Cases Pursuant To Fed. R. Civ. P. 42(A)(2). (Docket No. 24.) The Court now enters this Order, which applies to the cases consolidated under Case No. 2:11-CV-00910, as well as to actions later instituted in, removed to, or transferred to this Court and made part of Case No. 2:11-CV-00910. When an action is added on as part of these proceedings, Plaintiffs' Liaison Counsel will serve a file-endorsed copy of this Order on the attorneys for the plaintiff(s) in such action and any new defendant in such action or their counsel. A new party objecting to the application of any provision of this Order must file a request for relief from this Order within ten (10) days of service of this Order upon that party, with a copy served on Plaintiffs' Liaison Counsel and Defendants' counsel.

## II. ORGANIZATION OF PLAINTIFFS' COUNSEL

A. Structure of Plaintiffs' Counsel

The Court hereby designates the following counsel to serve in the following capacities:

1. The Lead Counsel shall be compromised of the following Plaintiffs' Counsel:

> Eric H. Gibbs
> **GIRARD GIBBS LLP**
> 601 California Street, 14th Floor
> San Francisco, California 94108

> C. Brooks Cutter
> **KERSHAW CUTTER & RATINOFF LLP**
> 401 Watt Avenue
> Sacramento, California 95864

> Michael F. Ram
> **RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP**
> 555 Montgomery Street, Suite 820
> San Francisco, California 94111

2. As Plaintiffs' Liaison Counsel:

> Todd M. Schneider
> **SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP**
> 180 Montgomery Street, Suite 2000
> San Francisco, California 94104

3. Plaintiffs' Executive Committee shall be comprised of the following Plaintiffs' Counsel:

Eric A. Grover
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103

Tina Wolfson
**AHDOOT & WOLFSON**
10850 Wilshire Blvd., Suite 370
Los Angeles, California 90024

Jahan C. Sagafi
**LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 30th Floor
San Francisco, California  94111

Robert A. Buccola
**DREYER BABICH BUCCOLA & WOOD, LLP**
20 Bicentennial Circle
Sacramento, CA 95826

Darryll A. Stallworth
**LAW OFFICE OF DARRYL A. STALLWORTH**
2355 Broadway, Suite 303
Oakland, California 94612

David P. Meyer
**DAVID P. MEYER & ASSOCIATES CO., LPA**
1320 Dublin Road, Suite 100
Columbus, Ohio 43215

Paul E. Garrison
**LAW OFFICES OF PAUL GARRISON**
1300 Clay St., Suite 600
Oakland, CA 94612

B. **Plaintiffs' Lead Counsel To Serve As Interim Class Counsel Pursuant To Fed. R. Civ. P. 23(g)**

The members of Plaintiffs' Lead Counsel shall serve as Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g)(3) until further order of the Court.

C. **Responsibilities Of Plaintiffs' Designated Counsel**

1. **Plaintiffs' Lead Counsel**:

Plaintiffs' Lead Counsel, after consultation with Liaison Counsel and/or members of the Executive Committee as may be appropriate, shall be generally responsible for coordinating the activities of Plaintiffs during pretrial proceedings, including:

(a) determining and presenting (in briefs, oral argument, or such other fashion as may be appropriate, personally or by designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

(b) initiating, coordinating and conducting discovery on behalf of Plaintiffs;

(c) consulting with and employing consultants or experts, as necessary;

(d) coordinating settlement discussions or other ADR efforts on behalf of Plaintiffs, under the supervision of the Court, if and as appropriate;

(e) delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel to assure that the pretrial preparation for the various Plaintiffs is conducted effectively, efficiently, and economically, that schedules are met, and that unnecessary expenditures of time and expense are avoided;

(f) maintaining adequate time and disbursement records covering services as designated counsel;

(g) communicate with the Court, on behalf of the Plaintiffs' Lead Counsel, concerning scheduling and other administrative matters; and

(h) performing such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or as authorized by further order of the Court.

2. **Plaintiffs' Liaison Counsel**:

Plaintiffs' Liaison Counsel shall have the following responsibilities:

(a) Maintain an up-to-date, comprehensive Service List of Plaintiffs in Case No. 2:11-CV-00910 and promptly advise the Court and Defendants' counsel of changes to Plaintiffs' Service List;

(b) Receive and distribute to Plaintiffs' counsel, as appropriate, Orders, notices, and correspondence from the Court, to the extent such documents are not electronically filed;

(c) Receive and distribute to Plaintiffs' counsel, as appropriate, discovery pleadings and correspondence and other documents from Defendants' counsel that are not electronically filed; and

      (d)     Maintain a file-endorsed copy of this Order, and serve the same on the parties and/or their attorneys in any actions later instituted in, removed to, or transferred to, these proceedings, as set forth below.

      3.     **Plaintiffs' Executive Committee**:

Plaintiffs' Liaison Counsel and Executive Committee shall have the following responsibilities:

      (a)     Participate in common benefit work to advance the litigation, including motion practice and discovery, assigned and performed under the direction of the Plaintiffs' Lead Counsel; and

      (b)     Meet and confer with Plaintiffs' Lead Counsel to provide advice regarding any matter, as may be requested from time to time by the Plaintiffs' Lead Counsel.

    D.     **Other Provisions Relating To Plaintiffs' Counsel**

      1.     **Privileged Communications**

The Court recognizes that cooperation among counsel and the parties is essential for the orderly and expeditious resolution of the litigation. The communication, transmission or dissemination of information of common interest among Plaintiffs' counsel shall be protected by the attorney-client privilege, the protections afforded by the attorney work product doctrine, the protections afforded to material prepared for litigation or any other privilege or protection from disclosure to which a party may otherwise be entitled. Any cooperative efforts by Plaintiffs in connection with Case No. 2:2011-cv-00910 and any stipulations entered in Case No. 2:2011-cv-00910 in an effort to streamline the litigation or to aid in the management of Case No. 2:2011-cv-00910 shall not in any way be used against any of the parties in this or any other action, be cited as purported evidence of conspiracy, wrongful action or wrongful conduct, and shall not be communicated to any jury.

**III.**     **SERVICE OF DOCUMENTS**

Within ten (10) days of the date of this Order, counsel for any party designated to receive service of documents filed with the Court shall register for participation in the Court's Internet-based Electronic Case Files (ECF) system. Unless otherwise directed by the Court, all documents required to be filed with the Court shall be filed and served exclusively through the ECF system, in accordance with the Court's Electronic Case Filing Administrative Procedures. Except as the parties may otherwise agree among themselves, paper copies of documents filed with the Court need not be served on any party. Discovery requests, responses thereto, and other

1  pleadings not required to be filed with the Court shall be served on Defendants' counsel and
2  Plaintiffs' Liaison Counsel by overnight delivery, or such other method(s) of service as the affected
3  parties may agree among themselves.

4  **IT IS SO ORDERED.**

5  Dated: July 22, 2011.

_____
UNITED STATES DISTRICT JUDGE